UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIDWEST BRIDGE
MANAGEMENT CORP., a
Michigan corporation, STEPHEN R.
ZYNDA, DAVID P. ZYNDA,
MICHAEL A. ZYNDA and JAMES
K. ZYNDA, as individuals,

        Plaintiffs,

v.

CONNECTICUT GENERAL LIFE
INSURANCE CO., a foreign
corporation, and LINCOLN
NATIONAL LIFE INSURANCE
CO., a foreign corporation,

        Defendants.

Case No. 5:04-CV-151

Hon. Richard Alan Enslen

**OPINION**

_____/

This matter is before the Court on Plaintiffs Midwest Bridge Management Corporation ("Midwest Bridge"), Stephen R. Zynda, David P. Zynda, Michael A. Zynda, and James K. Zynda's Motion for Voluntary Dismissal Without Prejudice and Without Costs pursuant to Federal Rule of Civil Procedure 41(a)(2). The Court has reviewed the filings and finds oral argument unnecessary. W.D. MICH. LCIVR 7.2(d).

**I.    BACKGROUND**

Plaintiffs filed their seven-count Complaint in this matter on September 16, 2004; however, events leading up to their Complaint and the instant Motion occurred much earlier. In 1987, Plaintiffs purchased a whole life insurance policy for Andrew Zynda, the founder of Midwest Bridge, from Defendant Connecticut General Life Insurance Company ("Connecticut General"). (Pls.' Mot.,

Ex. 2). According to Midwest Bridge, a Connecticut General agent falsely represented that the policy provided for a guaranteed benefit of $3,000,000 or more; that Midwest Bridge would only have to make four annual premium payments of $200,000; and that after the four payments were received no additional payments would be required. (*Id.*) Midwest Bridge made all the premium payments in a timely manner, yet Connecticut General invoiced Midwest Bridge for a fifth premium payment in the amount of $198,390. (*Id.*)

In 1996, a class action was certified in the United States District Court for the Central District of California ("California Action"). The California Action was a consolidation of two lawsuits where it was alleged that:

> Connecticut General or its agents represented to purchasers of certain life insurance policies (which was referred to as 'vanishing premium' policies) that after making a certain number of payments, the policyholder would not have to pay any additional premiums because the income generated by the policy would fund all future premiums.

(*Id.*) The California Action settled and the parties stipulated that the settlement class included "current or former owners of [Connecticut General] individual interest sensitive whole life and universal life, and participating life insurance policies purchased between the dates of August 1, 1983 and March 26, 1996." (*Id.*) The stipulation also reflected that settlement class members released:

> [A]ny . . . claims (including 'Unknown Claims' . . . ), demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of contract, breach of fiduciary duty, misrepresentation, deceit, or violation of any state or federal statutes by [Connecticut General], or its employees and/or agents based on upon, related to, or in connection with the marketing, purchase or sale of the [Connecticut General] insurance policies that are the subject of this litigation and which were or could have been alleged in the *Spitz* or *Novacheck* Complaints.

(*Id.*)  The Central District Court accepted the stipulation and incorporated the terms of the stipulation into its final order and judgment.  (*Id.*)  Appropriate pre- and post-settlement notices were provided to potential class plaintiffs, including the right to opt out of the settlement, pursuant to Federal Rule of Civil Procedure 23.  (*Id.*)  Class plaintiffs were also warned that if they did not opt out of the settlement they would be enjoined from commencing an action based on the released claims.  (*Id.*)  Plaintiffs do not dispute they received such notice and did not opt out.

After Plaintiffs filed their Complaint with this Court in September 2004, Defendants moved to enforce the injunctive order decreed in the California Action.  Plaintiffs believed that their claims were not covered by the settlement and the release executed in the California Action.  The District Court for the Central District of California disagreed and found that Plaintiffs' claims fell "squarely within the scope of the General Release."  (*Id.*)  That court injunctively enforced the settlement and release against Plaintiffs.  Plaintiffs appealed that order to the Ninth Circuit Court of Appeals.  While awaiting appeal, Plaintiffs have voluntarily sought to dismiss this action without prejudice and without costs pursuant to Federal Rule of Civil Procedure 41(a)(2).

## II.   CONTROLLING STANDARDS

Rule 41(a)(2) provides that:

> **(2) By Order of Court.**  Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.  If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Also relevant to today's discussion is the effect of the Central District Court's order enjoining Plaintiffs' current suit in this district. The Central District Court incorporated the settlement into its final order and specifically reserved to itself the power to enforce that order and grant injunctive relief. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).

A final principle worth noting under Rule 41(a)(2) is that when a court dismisses with prejudice in response to a plaintiff's request for dismissal without prejudice without first giving him notice of its intention to dismiss with prejudice, the opportunity to be heard, and the opportunity to withdraw the request for voluntary dismissal and proceed with the litigation, that court has abused its discretion. *United States v. 266 Tonawanda Trail ("One Tract")*, 95 F.3d 422, 425-26 (6th Cir. 1996).

## III.   DISCUSSION

The Court begins by observing that beyond the title, there is very little that is voluntary concerning Plaintiffs' dismissal motion. Rather, the Central District Court's order literally compels dismissal since the Court finds that the Central District Court's order is essentially dispositive on Plaintiffs' claims before this Court. Should the Ninth Circuit find that Plaintiffs' claims were not contemplated by the release and overturn the Central District of California, Plaintiffs would be permitted to proceed before this Court. However, should the Ninth Circuit affirm, Plaintiffs would be permanently enjoined from suit on their policy with Defendants, in this Court or any other.[1] Thus, an Order by this Court entering a dismissal with or without prejudice would ultimately depend on the Court's ability to predict the future. Such would be an ill advised task for any jurist, but given

---

[1] Plaintiffs observe essentially the same point. (*See* Pls.' Mot. 8).

the complexity of the California Action and that court's intimate familiarity with the litigation, this Court's decision, if it chose to pursue that path, would be little more than an educated guess.

Whether dismissal should be granted under the authority of Rule 41(a)(2) is within this Court's discretion. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Ordinarily, the Court should consider whether the non-movant will suffer legal prejudice. *Id.* (listing four nonexclusive factors for courts to consider). However, the Court finds that given the Central District Court's injunctive order, this is not an ordinary case. The Court further finds that an Order dismissing Plaintiffs' Complaint with prejudice is just and proper.[2] FED. R. CIV. P. 41(a)(2).

A prejudicial dismissal in this case is particularly appealing in light of the Restatement (Second) of Judgments.

> A judgment based on an earlier judgment is not nullified automatically by reason of the setting aside, or reversal on appeal, or other nullification of that earlier judgment; but the later judgment may be set aside, in appropriate proceedings, with provision for any suitable restitution of benefits received under it.

RESTATEMENT (SECOND) JUDGMENTS § 16. Comments A and C to that section also indicate that when a court relies on an earlier judgment as the basis for its judgment and that:

> [E]arlier judgment is set aside or reversed, the later judgment is still subject to a post-judgment motion for a new trial or the like . . . a ***party may inform the trial . . . of the nullification of the earlier judgment and the consequent elimination of the basis for the later judgment. The court should then normally set aside the later judgment.*** When the later judgment is no longer open to a motion for a new trial or the like at the trial court level, nor subject to appeal, the fact of the nullification of the earlier judgment may be made the ground for appropriate proceedings for relief from the later judgment with any suitable provision for restitution of benefits that may have been obtained under that judgment.

---

[2] The Court has given Plaintiffs their required notice and opportunities. *See 266 Tonawanda Trail*, 95 F.3d at 425-26.

(emphasis supplied).  Thus, although the Court will dismiss this action with prejudice, should Plaintiffs prevail in the Ninth Circuit a motion for post-judgment relief will certainly be well received in this Court.  Plaintiffs will not lose their right to proceed in this Court, as they feared, because the Court can simply grant Plaintiffs post-judgment relief, upon an appropriate motion, and resume the proceedings at a later date.[3]

## IV.   CONCLUSION

Therefore, the Court will deny Plaintiff Midwest Bridge Management Corporation, Stephen R. Zynda, David P. Zynda, Michael A. Zynda, and James K. Zynda's Motion for Voluntary Dismissal Without Prejudice and Without Costs, and the Court will dismiss this matter with prejudice.  A Judgment consistent with this Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    December 16, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[3] The Court finds a prejudicial dismissal superior to a stay because this matter has already been stayed once before, and furthermore, the Court is skeptical of Plaintiffs' chance of success on appeal in the Ninth Circuit. The Central District Court has had the California Action before it for over ten years and is well suited to determine whether Plaintiffs' claims fell "squarely within the scope of the General Release." (Pls.' Mot., Ex. 2).